UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

----------------------------------------------------------------------x

Kimberly Price, individually and on behalf of all others similarly situated,

        Plaintiff,

C.A. No.: 3:22-cv-79

-against-

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Transunion, LLC,
Experian Information Solutions, Inc.,

        Defendant(s).

----------------------------------------------------------------------x

## COMPLAINT

Plaintiff Kimberly Price ("Plaintiff"), brings this Class Action Complaint by and through her attorneys against Defendant Transunion, LLC ("Transunion") and Defendant Experian Information Solutions, Inc., ("Experian") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of North Carolina consumers under the FCRA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of North Carolina, County of Mecklenburg.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

9. Defendant Transunion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of North Carolina, and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 2626 Glenwood Ave Ste 550 Raleigh, NC 27608.

10. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of North Carolina, and may be served with process upon the CT Corporation System, its registered agent for service of process at 160 Mine Lake Ct Ste 200, Raleigh, NC 27615.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. As to Experian, the Class consists of:
    a. all individuals with addresses in the State of North Carolina;
    b. for whom Experian lists at least one hard inquiry on the individual's credit report;

c. for whom Experian listed the payment status on one or more accounts as "Consumer reported as deceased";

d. regarding an individual who was not listed on the Death Master File as deceased;

e. and who had a last payment status from the prior month on one or more accounts;

f. and was in fact alive;

g. yet Experian failed to take reasonable steps to confirm the accuracy of the individual's supposed "deceased" status prior to listing it on the individual's credit report;

h. which status was listed on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

17. As to Transunion, the Class consists of:

a. all individuals with addresses in the State of North Carolina;

b. for whom Transunion lists at least one hard inquiry on the individual's credit report;

c. for whom Transunion listed in the remarks on one or more account a status of "deceased".

d. regarding an individual who was not listed on the Death Master File as deceased;

e. and who had a last payment status from the prior month on one or more accounts;

f. and was in fact alive;

    g. yet Transunion failed to take reasonable steps to confirm the accuracy of the individual's supposed "deceased" status prior to listing it on the individual's credit report;

    h. which status was listed on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

18. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

19. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

20. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' listing of living consumers as "deceased" violates 15 U.S.C. § 1681 et seq.

21. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

22. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

   j. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' listing of living consumers as "deceased" violates 15 U.S.C. § l681 et seq.

   k. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   l. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

- m. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

23. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Violation

26. Upon information and belief, on a date better known to Defendants Transunion and Experian hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to a Capital One account (517805XXXXXX) listed on Plaintiff's credit reports.

27. In Experian's credit report, the payment status on the subject account listed Plaintiff as "Consumer reported as deceased".

28. In Transunion's credit report, the remarks on the subject account include a status of "deceased".

29. In fact, Plaintiff is alive.

30. The Bureaus are obligated under 15 USCS §1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

31. Upon information and belief, the Bureaus maintain algorithms that frequently combine information about different consumers, erroneously matching living individuals with deceased persons.

32. Upon information and belief, the Social Security Administration (SSA) provides the Department of Commerce's National Technical Information Service (NTIS) a public file of death information. NTIS sells the public file of death information, also known as the public Death Master File (DMF), to other agencies and private organizations, including credit reporting companies.

33. Upon information and belief, the Bureaus have a data exchange agreement with the SSA to receive updated death information.

34. Upon information and belief, the Bureaus failed to cross check the DMF maintained by the SSA to verify whether Plaintiff was a part of the catalog of social security numbers that belong to deceased individuals.

35. Had the Bureaus maintained reasonable procedures they could have also realized from Plaintiff's active accounts that she is not deceased.

36. Had the Bureaus attempted to verify if Plaintiff was deceased, they would have realized she was in fact alive.

37. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

38. Plaintiff was denied a Chase Freedom Flex World Elite credit card on January 27, 2022.

39. Plaintiff was denied a new line of credit from Discover on January 30, 2022.

40. Plaintiff was denied a new line of credit from Synchrony Bank on February 6, 2022.

41. Plaintiff was upset and frustrated that the Bureaus reported her as deceased when she is really alive.

42. The Bureaus' continued inaccurate reporting of Plaintiff's credit information has created a chilling effect on her ability to apply for new lines of credit.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to the Bureaus)

43. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

45. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that The Bureaus maintained concerning the Plaintiff.

46. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

c) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

d) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

e) The failure to take adequate steps to verify information The Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

47. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

48. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

49. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Kimberly Price, as individual and also class representative, demands judgment in her favor against the Bureaus, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to the Bureaus)

50. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

51. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

52. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    c) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    d) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Kimberly Price, as individual and class representative, demands judgment in her favor against the Bureaus, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

56. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq., pro hac vice pending, as Class Counsel;

b) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

c) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

e) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

f) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

g) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

h) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: March 1, 2022

Respectfully Submitted,

/s/ Randolph Emory
C. Randolph Emory
**The Emory Law Firm, P.C.**
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262

/s/ Tamir Saland
**Stein Saks, PLLC**
By: Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 122
Fax: (201)-282-6501
tsaland@steinsakslegal.com
PRO HAC VICE PENDING

*Attorneys for Plaintiff*